# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

*United States of America,*

      *Plaintiff*,

v.                                         **Case No. 3:10-cr-113**
                                                          **Judge Thomas M. Rose**

*Marc N. Greenberg,*

      *Defendant*.

---

**ENTRY AND ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO ALTER THE JUDGMENT DATES MARCH 16, 2016.** (DOC. 59).

---

Pending before the Court is "Defendant's Motion to Alter or Amend Judgment Dated March 16, 2016 Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure." Doc. 59. On February 22, 2012, Defendant filed "Defendant's Motion for Clarification of Conditions of Supervised Release." Doc. 22. Therein, Defendant requested that the Court modify a condition of his supervised release restricting where he may reside. On November 5, 2010, this Court entered judgment sentencing Defendant on counts of possession of child pornography and transfer of obscene materials to minors. Doc. 10. Defendant was sentenced to a term of 24 months of imprisonment, followed by 5 years of supervised release. *Id.*

Defendant has filed multiple motions to amend the terms of his confinement and supervised release. Docs. 26, 37, 39, 41, 48, and 53. Now he requests that the Court find

unconstitutionally vague a prohibition on loitering near places children frequent or to clarify it. Doc. 59.

First, in the context of supervised release, anti-loitering provisions are not unconstitutionally vague:

> [P]rovisions that include anti-loitering language have withstood vagueness challenges. See *United States v. Oliphant*, 456 Fed. Appx. 456, 458–59 (5th Cir. 2012) (upholding against vagueness challenge condition stating that defendant "shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children by [sic] frequently congregate"); *United States v. Burroughs*, 613 F.3d 233, 246 & n.3 (D.C. Cir. 2010) (upholding against vagueness challenge condition barring defendant from "loiter[ing] in any place where children congregate"). The anti-loitering provision here is extremely similar to the provisions our sister circuits have upheld, and is not "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." See *Ass'n. of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 551 (6th Cir. 2007) (internal quotation marks omitted).
>
> Second, because Zobel was convicted of sexual enticement of a minor, prohibiting Zobel from loitering near places where children congregate is reasonably related to the goal of public safety. Even defendants whose crimes involved no physical contact with minors have been bound by anti-loitering provisions like the one here. See *United States v. Rearden*, 349 F.3d 608, 620 (9th Cir.2003) (shipping child pornography); *United States v. Ristine*, 335 F.3d 692, 696–97 (8th Cir.2003) (receiving child pornography). Thus, it was not plain error to impose an anti-loitering condition.

*United States v. Zobel*, 696 F.3d 558, 575 (6th Cir. 2012).

Granting the other portion of Movant's request, that the Court clarify the term "loitering": Movant is "to err on the side of avoiding places that the probation officer or the court might deem unacceptable." *United States v. Bee*, 162 F.3d 1232, 1235-36 (9th Cir. 1998).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, May 10, 2016.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE